UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD R. FORD and JUNE FORD**                                  **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO.1:06CV985 LTS-RHW**

**METLIFE AUTO & HOME INSURANCE AGENCY, INC.**
**and ECONOMY PREMIER ASSURANCE COMPANY**           **DEFENDANTS**

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

     This action was brought in the Chancery Court of Harrison County, Mississippi, as a "Petition To Appoint an Umpire" for the appraisal of property damaged in Hurricane Katrina to determine the amount of the insureds' loss. Defendant Metlife Auto & Home Insurance Agency, Inc. (Metlife) removed this action on grounds of diversity of citizenship. 28 U.S.C. §1332.

     The Court has before it the plaintiffs' motion [2] to remand on the grounds that the underlying complaint does not seek monetary relief and the current controversy therefore lacks the minimum amount in controversy necessary to establish subject matter jurisdiction under 28 U.S.C. §1332. Metlife asserts that the coverage of the plaintiffs' policy should be considered the amount in controversy.

     A perusal of the state court complaint discloses that plaintiffs are seeking, at this juncture, to exercise their contract right to the appointment of an umpire in order to complete the appraisal process provided for in the Metlife policy. Under the terms of the policy, if the two appraisers selected by the parties are unable to agree on an umpire, the insured may request that an umpire be appointed by "a judge of a court of record in the state where the residence premises is located." No other request for affirmative relief is contained in the complaint.

     I find that because the plaintiffs' state court complaint seeks no monetary relief, I do not presently have subject matter jurisdiction under 28 U.S.C. §1332. I have no reason to believe that the plaintiffs are not making a good faith effort to complete the appraisal process in order to move this matter to an orderly conclusion. It may eventually be that the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. §1332, but that is not the case today. Accordingly, I will grant the plaintiffs' motion [2] to remand without prejudice to the defendants' right to later remove this action if all the requirements for removal are met.

     An appropriate order will be entered.

**DECIDED** this 25th day of September, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
